IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-55,690-04






EX PARTE EDGAR ARIAS TAMAYO









ON APPLICATION FOR WRIT OF HABEAS CORPUS


CAUSE NO. 9422714-D IN THE 209TH DISTRICT COURT


HARRIS COUNTY






 Per Curiam. 



O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5. (1)

 In October 1994, a jury convicted applicant of the offense of capital murder. The jury
answered the special issues submitted under Article 37.071, and the trial court, accordingly,
set punishment at death. This Court affirmed applicant's conviction and sentence on direct
appeal. Tamayo v. State, No. AP-72,033 (Tex. Crim. App. December 11, 1996) (not
designated for publication).

 Applicant filed his initial post-conviction application for writ of habeas corpus in the
convicting court on February 23, 1998. This Court denied relief. Ex parte Tamayo, No. WR-50,116-01 (Tex. Crim. App. Nov. 14, 2001) (not designated for publication). Thereafter,
applicant filed a federal habeas petition, which was stayed pending the United States
Supreme Court's and this Court's resolution of issues arising under the Vienna Convention. 
See Tamayo v. Quarterman, No. H-03-3809, slip op. at 1 (S. Dist. Tex., Aug. 3, 2009) (not
selected for publication). Applicant then filed two subsequent applications for writs of
habeas corpus raising claims under the Vienna Convention. See Ex parte Tamayo, No.
WR-50,116-02 (Tex. Crim. App. Sept. 10, 2003) and No. WR-50-116-03 (Tex. Crim. App.
July 2, 2008) (not designated for publication). Following the resolution of those issues,
applicant filed an amended federal habeas petition, adding a claim that he is mentally
retarded and so the Eighth Amendment bars his execution. See Atkins v. Virginia, 536 U.S.
304, 321 (2002). He also filed a motion seeking a stay so that he could return to this Court
to exhaust this claim. The federal district court granted the motion. Applicant's third
subsequent application was received in this Court on March 15, 2010.

 In the only claim raised in his third subsequent application, applicant asserts that he
is mentally retarded and so he cannot be executed following the Supreme Court's decision
in Atkins. The Atkins decision was handed down before applicant filed his previous
subsequent habeas applications. Applicant acknowledges that the legal basis of this claim
was previously available, but he asserts that the factual basis was not ascertainable through
the exercise of reasonable diligence on or before the filing date of his previous applications. 
Art. 11.071, § 5(a)(1). Alternatively, applicant asserts that, but for a violation of the United
States Constitution, no rational juror would have answered the special issues in the State's
favor. Art. 11.071, § 5(a)(3).

 We have reviewed this third subsequent application and find that the application does
not contain sufficient specific facts establishing that the factual basis of this claim was not
ascertainable through the exercise of reasonable diligence on or before the filing date of the
previous application, or that but for a violation of the United States Constitution, no rational
juror would have answered the special issues in the State's favor. Applicant has failed to
make a threshold presentation of evidence that, if true, is sufficient to show that no rational
factfinder would fail to find that he is mentally retarded. See Ex parte Blue, 230 S.W.3d 151
(Tex. Crim. App. 2007). The application fails to meet the dictates of Article 11.071, § 5(a). 
Accordingly, the application is dismissed. Art. 11.071, § 5(c).

 IT IS SO ORDERED THIS THE 9TH DAY OF JUNE, 2010.


Do Not Publish
1. Unless otherwise indicated, all references to Articles are to the Texas Code of Criminal
Procedure.